UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No. 15-cv-81298-MARRA/MATTHEWMAN

JULIAN BIVINS, as personal representative
of the ancillary estate of Oliver Wilson Bivins,

    Plaintiff,

vs.

CURTIS CAHALLONER ROGERS, JR., as
former guardian, et al.,

    Defendants.
_____/



FILED by ___ D.C.
APR 2 7 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## **OMNIBUS ORDER ON DISCOVERY MOTIONS**

THIS CAUSE is before the Court on Plaintiff, Julian Bivins' ("Plaintiff") Motion to Compel Defendant Crispin's Deposition Responses [DE 205]; Plaintiff's Amended Motion to Compel O'Connell's Deposition Responses [DE 209]; and Plaintiff's Motion to Compel Stephen Kelly's Deposition Responses [DE 210]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 51. The motions have been fully briefed, and the Court held a hearing on the matter on April 25, 2017.

### I.    **BACKGROUND**

The basic underlying facts of this case are that Defendants Brian M. O'Connell and Ashley N. Crispin, as well as their law firm Defendant Ciklin Lubitz & O'Connell, were and are attorneys for the guardians appointed by the Florida state probate court to act for the interest of the ward, Oliver Bivins, Sr. Defendant Stephen Kelly was appointed as an emergency temporary guardian in 2011, Defendant Curtis Rogers was appointed guardian later in 2011, and Defendant Kelly was reappointed in 2014. Of course, the guardians were appointed for the ward, Oliver Bivins, Sr.,

1

while he was alive, and the guardians hired attorneys and accountants to assist them in handling the guardianship.

After Oliver Bivins, Sr., passed away, Plaintiff, one of his children, was appointed personal representative of the estate and then brought this action against the guardians and their attorneys based on alleged acts and omissions committed during the guardianship. Plaintiff generally alleges that the Defendants did not properly administer the guardianship to maximize its assets. Plaintiff has also been litigating against the guardians in state court.

In Plaintiff's Amended Complaint [DE 18], he alleges (1) breach of fiduciary duty against Defendants Rogers, O'Connell, Crispin, Ciklin, Stein, Beys, and Stein Law Firm; (2) breach of fiduciary duty against Defendants Kelly, O'Connell, Crispin, Ciklin, Stein, Beys, and Stein Law Firm; (3) negligence against Defendant Rogers; (4) negligence against Defendant Kelly; (5) professional negligence against Defendant O'Connell; (6) professional negligence against Defendant Crispin; and (7) professional negligence against Defendant Stein.

On January 20, 2017, Defendant Curtis Rogers filed a Notice of Settlement [DE 198]. On January 30, 2017, Plaintiff filed a Motion to Reopen Discovery and to Renew Motions to Compel as to Defendants and Motion to Compel as to Third Party Subpoenas to the Law Offices of Bill T. Smith, Jr. and Templeton Smithee Hayes Henrich and Russell, LLP [DE 201]. Plaintiff explained in the motion to reopen discovery that Curtis Rogers had executed a waiver of the attorney-client privilege with respect to the legal representation he received as Guardian.

United States District Judge Kenneth A. Marra held a hearing on the motion to reopen discovery [DE 201] and issued an Order [DE 275]. Judge Marra concluded that Defendant Stephen Kelly is the only guardian who has the authority to waive the privileges at issue. [DE 275, p. 1]. Judge Marra stated that "any issues as to whether the work product privilege or the

2

attorney client privilege has been properly invoked require factual inquiries best handled by the Magistrate Judge in the first instance." *Id.* at p. 2. Judge Marra then ruled that the motion [DE 201] would be held in abeyance until the remaining issues are resolved. *Id.*

The discovery deadline and dispositive motions deadlines have passed. The case is set for trial on July 10, 2017. Motions for summary judgment are pending.

## II. MOTIONS, RESPONSES, AND REPLIES

In each of the three motions, Plaintiff is moving to compel responses to certain deposition questions for which Defendants Ashley Crispin, Esq., Brian M. O'Connell, Esq., and Stephen Kelly asserted the attorney-client and/or work-product privilege. *See* DEs 205, 209, and 210. Plaintiff argues that, since Defendant Stephen Kelly, as guardian, testified at his January 11, 2017 deposition that he relied upon the advice of legal counsel in acting for the deceased ward, privilege has been waived based on the principles of sword and shield and issue injection. [DE 205, p. 4; DE 209, p. 4; 210, p. 4]. Plaintiff points out that Defendants have the burden of establishing the attorney-client privilege and that Defendant Rogers signed a waiver of attorney-client privilege. [DE 205, p. 5; DE 209, p. 4; DE 210, p. 5]. In each motion, Plaintiff also makes certain arguments regarding the specific deposition questions at issue.

In response, Defendants Crispin, O'Connell, and Kelly first argue that Plaintiff's motions were untimely filed "as he failed to complete the depositions with sufficient time to bring these motions before the deposition cut-off" and Plaintiff has not shown good cause to modify the scheduling order. [DE 216, pp. 1-2; DE 217, pp. 1-2; DE 218, pp. 1-2]. Defendants also argue that they did not waive privilege as they did not inject the issue into this case; instead, Plaintiff injected the issue into the proceeding in the Amended Complaint. [DE 216, p. 2; DE 217, p. 2; DE 218, p. 3]. Defendants point out that the guardians "never stated that they believed their

3

actions were legal because of the advice of counsel. Rather, they merely explained in deposition that certain actions taken, which the Guardianship Court approved, were done with the advice of counsel." [DE 216, pp. 2-3; DE 217, p. 3; DE 218, p. 3]. Defendants argue that the guardians have not alleged advice of counsel as a defense and that none of the defendants need "the information that is claimed as privileged to establish their defenses." [DE 216, p. 3; DE 217, p. 3; DE 218, p. 3]. Next, Defendants contend that Stephen Kelly holds the attorney-client privilege, not Defendant Rogers, so Rogers could not have waived the privilege. [DE 216, pp. 3-4; DE 217, pp. 3-5; DE 218, pp. 3-5]. Defendant Crispin makes an additional argument that Plaintiff has moved to compel both opinion and fact work product, but has not established substantial need for either. [DE 216, p. 5]. Defendant Kelly makes an additional argument that Plaintiff is seeking information regarding Kelly's conversations with his attorneys about conflicts of interest in representation in the current federal action and that such conversations are clearly protected by the attorney-client privilege. [DE 218, p. 2].

In reply, Plaintiff argues that his motions to compel are not untimely because the expert witness deposition deadline was March 30, 2017, so discovery was not closed until that date. [DE 221, p. 1; DE 222, p. 1; DE 224, p. 1]. Plaintiff contends that, even if his motions were untimely, the trial court has broad discovery to modify pretrial orders to prevent manifest injustice. [DE 221, p. 2; DE 222, p. 2; DE 224, p. 2]. Plaintiff next asserts that the Rule 26 Expert Report of Defendants O'Connell, Crispin, Kelly, and Ciklin Lubitz & O'Connell "shows that their expert relied on certain matters about which Crispin refused to respond in her deposition based upon attorney-client privilege and/or work product privilege." [DE 221, p. 3; DE 222, p. 3; DE 224, p. 3]. Plaintiff contends that Defendants therefore waived any privilege. [DE 221, pp. 3-4; DE 222, pp. 3-4; DE 224, p. 4]. Next, Plaintiff argues that Kelly and Rogers are both still active

4

guardians and that Rogers had the power to waive privilege. [DE 221, pp. 4-5; DE 222, p. 5; DE 224, p. 5]. Finally, Plaintiff asserts that it is "unable without undue hardship to obtain the substantial equivalent by other means" and that *in camera* review of the information sought is necessary. [DE 221, p. 5; DE 222, p. 5; DE 224, p. 5].

### III. LEGAL ANALYSIS

Timeliness of Motions

At the outset, the Court will not deny Plaintiff's motions to compel on the basis that they are untimely. First, although Plaintiff filed his motions after the discovery cut-off date, Plaintiff did file his motions within thirty (30) days of the depositions in compliance with Local Rule 26.1(g)(1). He has shown a good faith effort to comply with the rules.

Second, Federal Rule of Civil Procedure 16(b)(4) permits a scheduling order to be modified for good cause and with the judge's consent. Here, Plaintiff's counsel did explain at the discovery hearing that, due to the unique procedural posture of the case, it was reasonable for him to conduct depositions so late in the discovery period. Plaintiff's counsel also argued that, due to the fact that the depositions were taken so late in different geographical regions, it would have been difficult for him to obtain the transcripts and file Plaintiff's motions any more quickly than he did. The Court finds that Plaintiff has established good cause for filing the motions after the discovery cut-off.

Third, Judge Marra has ruled that Plaintiff's motion to reopen discovery shall be held in abeyance until the undersigned issues his order on Plaintiff's motions to compel. *See* DE 275. This fact weighs in favor considering the merits of Plaintiff's motions.

Finally, the Court would prefer to rule on the merits of the discovery issues. To deny the motions to compel on the basis that they are untimely would be putting form over substance here.

## Assertion of Privilege at the Depositions

The Court has carefully reviewed the transcripts for the depositions of Defendants Crispin, O'Connell, and Kelly. Plaintiff has moved to compel responses to particular questions from each of these depositions, but the Court finds that defense counsel properly asserted privilege objections to these questions. Defense counsel asserted the privilege objections in a timely fashion at the depositions with sufficient specificity in compliance with Local Rule 26.1(f) and Federal Rule of Civil Procedure 30(c)(2).

## No Waiver of Attorney-Client Privilege

State law provides the rule of decision in diversity actions where a party asserts the attorney-client privilege. *See, e.g., 1150 Brickell Assocs. v. QBE Ins. Co.*, 253 F.R.D. 697, 699 (S.D. Fla. 2008); Fed. R. Evid. 501. Under Florida law, an attorney's client is permitted "to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." § 90.502, Fla. Stat. The confidentiality of attorney-client privileged communications "is an interest traditionally deemed worthy of maximum legal protection." *State Farm Fla. Ins. Co. v. Puig*, 62 So.3d 23, 27 (Fla. 3d DCA 2011); *Dykstra v. Florida Foreclosure Attorneys, PLLC*, 2016 WL 3344785, at *1 (Jun. 13, 2016 S.D. Fla. 2016); *Maharaj v. Geico Cas. Co.*, 289 F.R.D. 666, 668-69 (S.D. Fla. 2013). Under Florida law, the burden of establishing the attorney-client privilege rests on the party claiming it. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691 (S.D. Fla. 2007). However, a party generally waives the attorney-client privilege if the party "injects the very issue which requires testimony from his attorney." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 643 (S.D. Fla. 2007) (citations omitted).

Plaintiff first argues that Defendants have waived the attorney-client privilege because Defendant Rogers waived the privilege. The Court first notes that Judge Marra's Order [DE 275] rejects Plaintiff's argument in each motion that Curtis Rogers successfully waived the attorney-client privilege through his written waiver. The undersigned also finds that Curtis Rogers did not have the authority to waive the attorney-client privilege in this case.

Plaintiff next argues that, since Defendant Stephen Kelly, as guardian, testified at his January 11, 2017 deposition that he relied upon the advice of legal counsel in acting for the deceased ward, the attorney-client privilege has been waived based on the principles of sword and shield and issue injection. Plaintiff relies on the case of *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991). Defendant responds that Plaintiff injected the issue into the proceeding in the Amended Complaint and that the guardians never explicitly stated that they believed their actions were legal because of the advice of counsel.

The Court heard extensive argument on this issue at the discovery hearing. The Court has also carefully reviewed the depositions of Defendant Stephen Kelly and of Curtis Rogers. In the *Bilzerian* case, the court determined that the attorney-client privilege had been waived because "Bilzerian's testimony that he thought his actions were legal would have put his knowledge of the law and the basis for his understanding of what the law required in issue. His conversations with counsel regarding the legality of his schemes would have been directly relevant in determining the extent of his knowledge and, as a result, his intent." *Bilzerian*, 926 F.2d at 1292.

The facts at hand in this case are strikingly different. The guardians have not made an argument at any stage of the case that they could not have breached their fiduciary duty because they relied on the advice of counsel to carry out their duties to the ward. They have not asserted in their affirmative defenses or motion for summary judgment a reliance on advice of counsel

defense, nor did they file a counter-claim. Thus, the guardians have not injected the issue into the proceedings such that the attorney-client privilege has been waived. Rather, the guardians and defense counsel simply asserted the attorney-client privilege on a question-by-question basis at the various depositions when they believed that information was protected by the privilege. The Court also notes that this case is somewhat unique factually, and presents a very strong case for application of the attorney-client privilege, in that Defendants Crispin and O'Connell still represent the guardians in the ongoing state court guardianship proceeding.

## No Substantial Need Shown

Finally, Defendants have also raised the work-product privilege in some of their responses to deposition questions. Federal Rule of Civil Procedure 26(b)(3), which sets forth the work product doctrine, states in relevant part:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3). For fact work product, the burden is on the party withholding discovery to show that the documents are protected by the work-product privilege. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 (S.D. Fla. 2007); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*,

No. 12-81397-CIV, 2015 WL 1860826, at *4 (S.D. Fla. Apr. 22, 2015); *Pipino v. Delta Air Lines, Inc.*, No. 15-CV-80330, 2016 WL 4184185, at *1–2 (S.D. Fla. Apr. 29, 2016).

Here, with regard to the information sought which constitutes fact work-product, Plaintiff has not established a substantial need for the information or established that he cannot, without undue hardship, obtain the substantial equivalent of the information by other means. Furthermore, Plaintiff has not provided any basis whatsoever to obtain the information that constitutes attorney opinion work-product, which is rarely, if ever, ordered produced. *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 640 (S.D. Fla. 2011) ("Opinion work product... 'enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances.'") (quoting *Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir.1994)).

## Propriety of Questions Asked at Depositions

Finally, the Court notes that several of the questions at issue were vague or unclear and that others sought irrelevant information. For example, the seventh inquiry at issue from Defendant Crispin's deposition sought information about whether Defendant Ciklin Lubitz's insurance company provided a gratuitous defense to Defendant Kelly. [DE 205, p. 5]. Plaintiff claims that this question goes to bias. However, the Court finds that the question is improper and seeks irrelevant information. Several of Plaintiff's questions that allegedly go to bias are similarly improper. The Court also finds that certain questions were sufficiently responded to by Defendants and would not require further responses. For example, Defendant O'Connell sufficiently and properly responded to the second inquiry at issue from his deposition. [DE 209, p. 2].

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Compel Defendant Crispin's Deposition Responses [DE 205] is **DENIED**.

2. Plaintiff's Amended Motion to Compel O'Connell's Deposition Responses [DE 209] is **DENIED**.

3. Plaintiff's Motion to Compel Stephen Kelly's Deposition Responses [DE 210] is **DENIED**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of April, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge