UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81298-CIV-MARRA/MATTHEWMAN

JULIAN BIVINS, as personal representative
of the ancillary estate of Oliver Wilson Bivins,

    Plaintiff,

vs.

BRIAN M. O'CONNELL, ASHLEY N. CRISPIN,
CIKLIN LUBITZ & O'CONNELL, KEITH
B. STEIN, BEYS LISTON MOBARGHA &
BERLAND, LLP and LAW OFFICES OF
KEITH B. STEIN, PLLC, n/k/a STEIN LAW PLLC,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that law firms are involved as parties must not affect your decision in any way.  Law firms and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a law firm is involved, it may act only through people as its partners or employees; and, in general, a law firm is responsible under the law for the acts and statements of its respective partners and employees that are made within the scope of their duties as employees of the law firm.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

In this case it is the responsibility of Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr., to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the claim of the Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr., is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of any specific claim of Julian Bivins against a particular Defendant by a preponderance of the evidence, you should find for that Defendant as to that claim.

In this case, Defendants have asserted the affirmative defense of set-off. Even if Plaintiff proves his claims by a preponderance of the evidence, Defendants can reduce the amount of any damages to which you find he is entitled by the amount you determine for set-off if Defendants prove the amount by a preponderance of the evidence.

Plaintiff has brought two (2) claims against Defendants. The first claim is for breach of fiduciary duty. The second claim is for professional negligence.

As to the first claim, a breach of a fiduciary duty occurs when:

a. the Defendant failed to protect the financial or property interest of Oliver Wilson Bivins, Sr.; or

b. the Defendant failed to meet his, her, or its duty of loyalty to Oliver Wilson Bivins, Sr. and

c. the breach of the fiduciary duty is a legal cause of damage to Oliver Wilson Bivins, Sr.

A breach of fiduciary duty is a legal cause of damages if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the breach of fiduciary duty, the damage would not have occurred.

In order to be regarded as a legal cause of damage, a breach of fiduciary duty need not be the only cause. A breach of fiduciary duty may be a legal cause of damage even though it operates in combination with the act of another or some other cause if the breach of fiduciary duty contributes substantially to producing such damage.

As to the second claim, negligence is the failure to use reasonable care. Reasonable care on the part of a lawyer is the care that a reasonably careful lawyer would use under like circumstances. Negligence is doing something that a reasonably careful lawyer would not do under like circumstances or failing to do something that a reasonably careful lawyer would do under like circumstances.

Negligence is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such damage, so that it can reasonably be said that, but for the negligence, the damage would not have occurred.

In order to be regarded as a legal cause of damage, negligence need not be the only cause. Negligence may be a legal cause of damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such damage.

Negligence may also be a legal cause of damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such damage or the resulting damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

If you find for a particular Defendant, you will not consider the matter of damages as to that particular Defendant. But if the greater weight of the evidence supports a claim of the Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr., as to all, or any Defendant, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows will fairly and adequately compensate the Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr.

If you find for Plaintiff as to any particular Defendant and you have awarded damages to Plaintiff as to that Defendant, you will then consider that Defendant's affirmative defense of set-off.  A set-off is a reduction in the amount of damages to which Plaintiff is entitled due to sums that Plaintiff may otherwise owe to the Defendant, or which is awarded to prevent a double recovery by Plaintiff stemming from either a prior settlement or judgment obtained by Plaintiff.  The Defendant must prove his or her entitlement to the set-off by a preponderance of the evidence.

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Of course, the fact that I have given you instructions concerning the issue of the Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr., damages should not be interpreted in any way as an indication that I believe that Julian Bivins, as personal representative of the Estate of Oliver Wilson Bivins, Sr., should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.